UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRASER MCDONOUGH ROTCHFORD,

                Plaintiff,

     v.

DAVID PETRAEUS, *et al.*,

                Defendants.

Case No. C22-726-DGE-MLP

REPORT AND RECOMMENDATION

## I.  INTRODUCTION

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff Fraser McDonough Rotchford ("Plaintiff") is currently confined at the Monroe Correctional Complex – Special Offender Unit. On June 6, 2022, Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action and a proposed complaint. (Dkt. # 4.) Though unclear, Plaintiff's proposed complaint appears to allege violations of his rights by former U.S. Secretary of State Colin Powell in addition to U.S. Army Generals David Petraeus and Raymond Odierno. (*See* dkt. # 4-1 at 3-9.) Having considered Plaintiff's submissions, the balance of the record, and the governing law, the Court recommends that Plaintiff's motion to proceed IFP (dkt. # 4) be

REPORT AND RECOMMENDATION - 1

DENIED, and that Plaintiff be directed to pay the entire filing fee in order to proceed with this action.

## II.    DISCUSSION

Plaintiff has filed at least three cases in this District that were dismissed for failure to state a claim and counted as strikes pursuant to 28 U.S.C. § 1915(g). The Prison Litigation Reform Act's "'three-strikes' rule prohibits a prisoner from filing an action [IFP] if he has accumulated three 'strikes' for prior federal-court actions while incarcerated or in detention, unless he is 'under imminent danger of serious physical injury.'" *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1051 (9th Cir. 2016) (quoting 28 U.S.C. § 1915(g)). "A prisoner can incur a 'strike' for bringing an action 'that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)).

Relevant to this matter, on November 6, 2020, the Honorable Brian A. Tsuchida issued a Report and Recommendation which found that Plaintiff has incurred more than three strikes. *See Rotchford v. Jefferson County, et al.*, C20-5965-MJP-BAT, dkt. # 5 at 2. In that case, Judge Tsuchida noted that several of Plaintiff's previously filed cases constituted strikes for failure to state a claim. *See id.* (citing *Rotchford v. Johnson & Johnson*, C19-5104-RBL (W.D. Wash.); *Rotchford v. Coulter*, C19-5024-BHS (W.D. Wash.); *Rotchford v. Department of Corrections*, C19-5023-RJB (W.D. Wash.); *Rotchford v. Jefferson County*, C19-5025-RBL (W.D. Wash.); *Rotchford v. Peninsula Regional Network Ombudsmen*, C19-5139-RJB (W.D. Wash.)). On November 30, 2020, the Honorable Marsha J. Pechman adopted Judge Tsuchida's Report and Recommendation. *See Rotchford*, C20-5965-MJP-BAT, dkt. # 7.

Because Plaintiff has accumulated more than three strikes, he may only proceed IFP if his complaint contains "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (citations and internal quotations omitted); *see also id.* at 1050 n.11 (courts may reject assertions of imminent danger that are conclusory and overly speculative). To show a danger that is "imminent," a prisoner must plausibly allege that the danger is "ongoing," and is "ready to take place" or "hanging threateningly over his head." *Id.* at 1056. Additionally, the plaintiff must make specific or credible allegations showing the threat to them is real and proximate. *See id.* (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Per his proposed complaint, it is unclear what claims Plaintiff is alleging. (*See* dkt. # 4-1 at 3-9.) It appears that Plaintiff takes exception to: (1) the "White Collar Crime Penalty Enhancement Act"; (2) "Executive Order 13271"; and (3) the Civil Rights Act of 1964. (*See id.* at 4-8.) Based on the Court's review, Plaintiff's claims appear generally related to his belief that the U.S. Army and the "military industrial complex" are actively engaged in a multifaceted criminal conspiracy. (*See id.*) Plaintiff alleges that he has been harmed by such conspiracy because he grew up in Ocean Shores, Washington under the threat of invasion on the coast by "regular Soviet forces" and that he has additionally been "homeless, kidnapped my whole life." (*Id.* at 5, 7.)

Here, the Court finds that Plaintiff has failed to plausibly allege "imminent danger" to proceed IFP. Though unclear, Plaintiffs' alleged violations in his complaint generally relate to previous historical occurrences unrelated to Petitioner and do not mention, indicate, or otherwise address that he is under imminent danger of serious physical injury. As noted above, Plaintiff

REPORT AND RECOMMENDATION - 3

must demonstrate that the threat to *himself* remains real and proximate, which he has not done. *See Andrews*, 493 F.3d at 1053.

The Court therefore finds that the imminent danger exception does not apply, and that Plaintiff remains subject to the three-strikes rule.[1] Accordingly, this Court concludes that Plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $52.00 administrative fee (for a total of $402.00).

### III.   CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's IFP motion (dkt. # 4) be DENIED under 28 U.S.C. § 1915(g), that Plaintiff be directed to pay the filing fee within **thirty (30) days** of the date on which this Report and Recommendation is adopted, and that this action be terminated if Plaintiff fails to do so. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 1, 2022**.

---

[1] Should Plaintiff seek to proceed with this action, Plaintiff is additionally advised that his proposed complaint is subject to dismissal under Federal Rule of Civil Procedure 8(a) because his claims lack sufficient clarity and specificity to put any Defendant on notice of any particular claim against them and the precise constitutional grounds allegedly violated. In addition, the Court notes that both former Secretary of State Powell and General Odierno are now deceased.

REPORT AND RECOMMENDATION - 4

1   The Clerk is directed to send copies of this Report and Recommendation to the parties
2   and to the Honorable David G. Estudillo.
3   Dated this 8th day of June, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5